IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**JODI PUSKAS,**

    **Plaintiff,**

v.                                          Case No. 3:18-cv-01536

**WESTERN REGIONAL JAIL,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Complaint filed pursuant to 42 U.S.C. § 1983, (ECF No. 1). The undersigned notes that Plaintiff has failed to pay a filing fee or submit an Application to Proceed Without Prepayment of Fees and Costs. Before the Complaint can be accepted for prosecution, either the filing fee must be paid, or an application to proceed *in forma pauperis* must be approved by the Court. Therefore, Plaintiff is hereby **ORDERED** to pay the filing fee of $400, or in the alternative, submit to the Court a completed and signed Application to Proceed Without Prepayment of Fees and Costs, which includes the institutional certification and an inmate account transaction record. **Plaintiff is notified** that failure to pay the fee or submit a completed application within **thirty (30) days** of the date of this Order shall result in a recommendation that the Complaint be dismissed.

In keeping with 28 U.S.C. § 1915(e)(2), the undersigned has conducted a preliminary review of Plaintiff's complaint to determine if the action is frivolous, fails to

1

state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Although *pro se* complaints, such as the one filed in this case, must be liberally construed to allow the development of potentially meritorious claims, the court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), develop the plaintiff's legal theories for her, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985). At the same time, to achieve justice, the court may allow a *pro se* plaintiff the opportunity to amend her complaint in order to correct deficiencies in the pleading. *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978).

Plaintiff alleges that on October 31, 2018, she was assaulted by a correctional officer, Brittany Adkins, at the Western Regional Jail in Barboursville, West Virginia. (ECF No. 1). Plaintiff claims that the unprovoked attack left her with bleeding marks and a scar.

Title 42 U.S.C. § 1983 provides a remedy to parties who are deprived of federally protected civil rights by persons acting under color of any state "law, statute, ordinance, regulation, custom, or usage." To state a cause of action under § 1983, a plaintiff must allege facts showing that: (1) an official deprived the plaintiff of a federally protected civil right, privilege or immunity and (2) that the official did so under color of State law. 42 U.S.C. § 1983; *see also Perrin v. Nicholson*, C/A No. 9:10-1111-HFF-BM, 2010 WL 3893792 (D.S.C. Sept. 8, 2010). If either of these elements is missing, the complaint fails to state a claim for relief under 42 U.S.C. § 1983.

The Eighth Amendment to the United States Constitution "imposes duties on [prison] officials who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and

must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer,* 468 U.S. 517, 526–27 (1984)). A prison official violates this constitutional mandate when he uses excessive force against a prisoner, *Hudson v. McMillian,* 503 U.S. 1, 4 (1992), and when he responds to a prisoner's serious medical need with deliberate indifference. *Estelle,* 429 U.S. 97, 104 (1976). To establish a constitutional claim of excessive force, a plaintiff must show that a prison official "inflicted unnecessary and wanton pain and suffering." *Taylor v. McDuffie,* 155 F.3d 479, 483 (4th Cir.1998) (quoting *Whitley v. Albers,* 475 U.S. 312, 320, (1986)). There is a subjective component to the claim in that the official must have "acted with a sufficiently culpable state of mind." *Williams v. Benjamin,* 77 F.3d 756, 761 (4th Cir. 1996). Objectively, the injury inflicted on the inmate must be "sufficiently serious." *Id.* However, the predominate focus is not on the severity of the injury because when prison officials "maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated whether or not significant injury is evident." *Wilkins v. Gaddy,* 559 U.S. 34, 37 (2010). "The proper inquiry is whether the force applied was in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Taylor,* 155 F.3d at 483. "In determining whether [this] constitutional line has been crossed, a court must look to such factors as the need for the application of force, the relationship between the need and the amount of force used, the extent of the injury inflicted, and whether the force was applied in a good faith effort to maintain and restore discipline or maliciously and sadistically for the very purpose of causing harm." *Orem v. Rephann,* 523 F.3d 442, 446 (4th Cir. 2008) (quoting *Johnson v. Glick,* 481 F.2d 1028, 1033 (2d Cir.1973)).

If Plaintiff wishes to pursue a claim against C. O. Adkins, then she must amend her complaint to cure the following deficiencies:

1. The Western Regional Jail is not a "person" subject to liability under 42 U.S.C. § 1983. Therefore, if Plaintiff wishes to pursue her civil action against C. O. Adkins, Plaintiff must expressly add C. O. Brittany Adkins as a defendant in this action by listing her as a defendant.

2. Plaintiff must identify the relief she seeks; for example, whether she demands monetary compensation, or equitable relief, or both.

Plaintiff is **ORDERED** to amend her complaint within **thirty (30) days** of the date of this Order. **Plaintiff is hereby given notice** that a failure to amend the complaint as ordered shall result in a recommendation that the complaint be dismissed for failure to state a claim under 42 U.S.C. § 1983 and/or for failure to prosecute under Fed. R. Civ. P. 41 and L. R. Civ. P. 41.1. **Plaintiff is also reminded** of her obligation to promptly notify the Clerk of Court of any change in his contact information.

The Clerk is instructed to provide a copy of this order to Plaintiff, along with a form Complaint under 42 U.S.C. § 1983, an Application to Proceed Without Prepayment of Fees and Costs, and any available instructions for completing the forms. The Clerk shall write the civil action number on the forms provided to Plaintiff.

**ENTERED:** December 26, 2018

_____
Cheryl A. Eifert
United States Magistrate Judge