JODI PUSKAS,

       **Plaintiff,**

v.                                         **Case No. 3:18-cv-01536**

WESTERN REGIONAL JAIL; and
BRITTANY ADKINS,

       **Defendant.**

## MEMORANDUM OPINION AND ORDER

Pending is Plaintiff's Motion to Amend Complaint. (ECF No. 13). The defendant has not filed an objection to the Motion; therefore, it is **GRANTED**, in part, and **DENIED**, in part.

Amendments to the complaint are governed by Federal Rule of Civil Procedure 15. Rule 15(a)(1) addresses amendments as a matter of course, allowing the plaintiff to amend the complaint within twenty-one days after serving it on the defendants, or within twenty-one days after a responsive pleading or motion to dismiss is filed under Rule 12(b),(e), or (f), whichever is earlier. F. R. Civ. P. 15(a)(1). In all other cases—such as the instant case—the plaintiff may only amend the complaint with the opposing party's written consent, or with leave of court. Fed. R. Civ. P. 15(a)(2). Here, the opposing party has neither consented, nor objected; therefore, an amendment to the complaint requires leave of court. Rule 15(a)(2) provides guidance to the court when considering a motion for leave to amend the complaint. Rule 15(a)(2) directs that the court should "freely give leave" to

file an amended complaint "when justice so requires." *See also Laber v. Harvey,* 438 F.3d 404, 426 (4th Cir. 2006) ("This liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities.").

Generally, leave to amend should be denied "only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986). An amendment is futile "if the proposed amended complaint fails to satisfy the requirements of the federal rules." *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008) (quoting *United States ex rel. Fowler v. Caremark RX, LLC,* 496 F.3d 730, 740 (7th Cir. 2007) *overruled on other grounds by Glaser v. Wound Care Consultants, Inc.*, 570 F.3d 907 (7th Cir. 2009)). "In determining whether a proposed amendment is futile, a court may consider whether the proposed amendment could withstand a motion to dismiss." *Middlebrooks v. St. Coletta of Greater Wash., Inc.*, No. 1:10CV653, 2010 WL 3522084, at *2 (E.D. Va. Sept. 1, 2010) (citing *Perkins v. United States,* 55. F .3d 910, 917 (4th Cir. 1995)) (affirming denial of plaintiff's motion for leave to amend her complaint as futile because "the proposed amendments could not withstand a motion to dismiss."); *also Johnson,* 785 F.2d at 510 (holding that a motion for leave to amend should be denied "when the proposed amendment is clearly insufficient or frivolous on its face.") (citing *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980); *Jones v. N.Y. Div. of Military & Naval Affairs,* 166 F.3d 45, 55 (2d Cir. 1999) (finding that amendments subject to "immediate dismissal" for failure to state a claim are "futile" and should not be allowed).

Plaintiff seeks to add as defendants Brittany Adkins and PrimeCare Medical. While Plaintiff's complaint contains enough factual allegations to state a claim against Brittany

Adkins, there are no allegations in the complaint pertaining to PrimeCare Medical. Consequently, joinder of PrimeCare Medical could not withstand a motion to dismiss and, as such, is futile.

If Plaintiff wishes to file an amended complaint joining PrimeCare Medical, she must make a second motion for leave to do so and must provide a proposed amended complaint that includes factual allegations, which set out the basis of the claim against PrimeCare Medical. Plaintiff is reminded that to state a claim under § 1983, she must include factual allegations demonstrating a violation that rises to the constitutional level.

The Eighth Amendment to the United States Constitution requires the State to provide its prison inmates with basic medical care. *Estelle v. Gamble,* 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). A prison official violates this constitutional guarantee when he responds to a prisoner's serious medical need with deliberate indifference. *Estelle,* 429 U.S. at 104; *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Therefore, to state a cognizable Eighth Amendment claim, an inmate must meet two prongs, one objective and one subjective. First, the inmate must demonstrate the existence of a medical condition or need that is objectively serious. *Estelle,* 429 U.S. at 104. Second, the inmate must show that the official subjectively knew of, but disregarded, "an excessive risk to inmate health or safety." *Farmer v. Brennan,* 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). A prison official is not liable under the Eighth Amendment if a reasonable response is made, "even if the harm ultimately [is] not averted." *Odom v. South Carolina DOC,* 349 F.3d 765, 770 (4th Cir. 2003) (*citing Farmer,* 511 U.S. at 844). To establish that a prison official's actions constitute deliberate indifference to a serious medical need, "the treatment must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental

fairness." *Miltier v. Beorn,* 896 F.2d 848, 851 (4th Cir. 1990). Accordingly, Plaintiff must set forth facts in his complaint that meet the standard of an Eighth Amendment violation. A mere difference of opinion about whether medical care is needed is usually insufficient to maintain a valid cause of action. Therefore, when and if Plaintiff amends his complaint to assert an Eighth Amendment claim, he should bear these standards in mind.

In addition to the legal principles set forth above, Plaintiff's claim is governed by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(e). The PLRA expressly prohibits the filing of civil actions by prisoners "confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody **without a prior showing of physical injury**." (emphasis added). Although the PLRA does not define "physical injury" and the Fourth Circuit has not provided a definition, other courts have held that the "physical injury" referenced by the Act need not be significant, but it must be more than *de minimis. See, e.g., Flanory v. Bonn,* 604 F.3d 249, 254 (6th Cir. 2010); *Mitchell v. Brown & Williamson Tobacco Corp.,* 294 F.3d 1309, 1312–13 (11th Cir. 2002); *Siglar v. Hightower,* 112 F.3d 191 (5th Cir. 1997); *Zehner v. Trigg,* 952 F.Supp. 1318 (S.D. Ind. 1997). In addition, "[a] plaintiff seeking compensatory damages for emotional distress cannot rely on conclusory statements that the plaintiff suffered emotional distress [or] the mere fact that a constitutional violation occurred, but, rather, the testimony must establish that the plaintiff suffered demonstrable emotional distress, which must be sufficiently articulated." *Knussman v. Maryland*, 272 F.3d 625, 640 (4th Cir. 2001), *quoting Price v. City of Charlotte*, 93 F.3d 1241, 1254 (4th Cir. 1996) (internal quotation marks omitted).

In summary, to state a viable claim against PrimeCare Medical, Plaintiff must satisfy the above-described requirements. Until that time, Plaintiff is not permitted to join

PrimeCare Medical as a defendant.

Therefore, the defendant, Western Regional Jail and Correctional Facility, is hereby **ORDERED** to provide to the Clerk of Court, Huntington Division, within **seven (7) days** of the date of this Order, the last known residence address of Brittany Adkins, Correctional Officer at the Western Regional Jail and Correctional Facility, or the name and address of the individual authorized to accept service of process on her behalf.

Upon receipt of the address, the Clerk of Court is **ORDERED** to issue a summons to the said defendant, filing on the public docket a redacted version that does not include her address. The Clerk shall provide the summons and a copy of the complaint, (ECF Nos. 1, 13), to the United States Marshals Service, who is **ORDERED** to effect service of process on Brittany Adkins pursuant to Rule 4, *Fed. R. Civ. P.* The Marshals Service shall promptly file the return of service with the Clerk.

The Clerk is directed to provide a copy of this Order to Plaintiff, counsel of record, and the United States Marshals Service.

**ENTERED**: September 5, 2019

Cheryl A. Eifert
United States Magistrate Judge